IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM KONICEK, MELVIN JACKSON, and KEVIN JOHNSON, individually and on behalf of similarly situated individuals<br><br>Plaintiffs,<br><br>v.<br><br>AVIVA METALS, INC, JAIRO PEREZ, NORMAN LAZARUS, MICHAEL GREATHEAD, AND JOAO SARAIVA<br><br>Defendants. | CASE NO.<br><br>JUDGE |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT.

Through a knowing and company-wide scheme, Defendants Aviva Metals, Inc. ("Aviva"), Jairo Perez, Norman Lazarus, and Michael Greathead systematically misclassified statutorily non-exempt employees, to include Plaintiffs William Konicek, Melvin Jackson, Kevin Johnson, ("Plaintiffs") and those similarly situated as exempt and unlawfully denied them overtime pay. Further, even when Defendants corrected the exemption status of these employees in or around November of 2024 and began paying overtime, they failed to pay Plaintiffs and those similarly situated backpay for the overtime pay they had earned in the two and/or three-year period immediately preceding the exemption status correction. Accordingly, Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). On behalf of themselves and all other similarly situated employees, Plaintiffs bring this collective action for the recovery of unpaid overtime under the FLSA, 29 U.S.C. § 216(b) and pursuant to Ohio R.C. § 4111.14(K). Members

of the collective action are referred to as the "Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to King's own conduct and the conduct and acts of others.

## PARTIES.

1. Konicek is an individual residing in Lorain County, Ohio. Konicek performed work for Aviva within the last three years for which he was not paid the overtime wages guaranteed by the FLSA and the OMFWSA. Konicek's signed consent to sue form is attached hereto as Exhibit "A."

2. Jackson is an individual residing in Lorain County, Ohio. Jackson performed work for Aviva within the last three years for which he was not paid the overtime wages guaranteed by the FLSA and the OMFWSA. Jackson's signed consent to sue form is attached hereto as Exhibit "B."

3. Johnson is an individual residing in Lorain County, Ohio. Johnson performed work for Aviva within the last three years for which he was not paid the overtime wages guaranteed by the FLSA and the OMFWSA. Johnson's signed consent to sue form is attached hereto as Exhibit "C."

4. Aviva is a Texas corporation that operates a manufacturing plant in Lorain County, located at 5311 W River Rd, Lorain, Ohio 44055. Aviva can be served through its registered agent for service of process, Michael J. Greathead, 5311 West River Road North, Lorain, OH 44055.

5. At all times referenced herein, Lazarus was the President of Aviva, who exercised direct control over Aviva's compensation practices within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he made decisions regarding pay rates, overtime eligibility, and payment practices. Thus, Lazarus is personally liable for the claims asserted herein. Lazarus can be served at 5311 West River Road North, Lorain, OH 44055

6. At all times referenced herein, Greathead was the Vice President of Aviva, who exercised direct control over Aviva's compensation practices within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he made decisions regarding pay rates, overtime eligibility, and payment practices. Thus, Greathead is personally liable for the claims asserted herein. Greathead can be served at 5311 West River Road North, Lorain, OH 44055.

7. At all times referenced herein, Perez was the Chief Financial Officer of Aviva, who exercised direct control over Aviva's compensation practices within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he made decisions regarding pay rates, overtime eligibility, and payment practices. Thus, Perez is personally liable for the claims asserted herein. Perez can be served at 2929 West 12th Street Houston, TX 77008.

8. At all times referenced herein, Saraiva was the General Manager of Aviva's Ohio Plant, who exercised direct control over Aviva's compensation practices within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he made decisions regarding pay rates, overtime eligibility, and payment practices. Thus, Saraiva is personally liable for the claims asserted herein. Saraiva can be served at 5311 West River Road North, Lorain, OH 44055.

9. The Collective Class Members are or were formerly employed by Aviva Metals, Inc. as a Foreman or in a similar role, and were not paid overtime at a rate of one and one-half times the regular rate for all hours worked over forty (40) each week of their respective employment, at any time during the three years immediately preceding this action.

## **PERSONAL JURISDICTION.**

10. Defendants hires citizens of the state of Ohio, contract with companies in Ohio, manage or direct the activities of the Ohio Plant; and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

11. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the OMFWSA claim because that claim derives from a common nucleus of operative facts, namely Plaintiffs and those similarly-situated's employment with Aviva.

14. Venue is proper in this District because Defendants do a sizeable portion of their business in this District; their principal place of business is located in this district; and many of the wrongs herein alleged occurred and/or were based on compensation decisions that were made in this District.

## FLSA COVERAGE.

15. At all times referenced herein, Aviva formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

## OMFWSA COVERAGE.

16. At all times referenced herein, Defendants were the "employer" of Plaintiffs and those similarly situated, as that term is defined by Article II, Sec. 34a of the Ohio Constitution.

17. At all times referenced herein, Aviva grossed over $150,000.00 annually and thus was required to pay overtime under Ohio Law.

## FACTUAL ALLEGATIONS.

18. Aviva is supplies bronze, brass, and copper alloys, specializing in the production and distribution of high-performance, non-ferrous materials for various industrial application.

19. At all times referenced herein, and during the three-year period immediately preceding this action, Aviva employed Plaintiffs and those similarly situated as manufacturing foremen at its Lorain, Ohio plant.

20. At all times referenced herein, and during the three-year period immediately preceding this action, Aviva misclassified Plaintiffs and those similarly-situated as exempt from the overtime requirements of the FLSA and the OMFWSA under the "executive" exemption and failed to pay them overtime (the "Misclassification Scheme").

21. At all times referenced herein, Defendants were aware of their obligation to comply with wage and hour laws and to ensure that employees were properly classified, because Aviva had previously been sued for misclassifying non-exempt employees and for failing to keep accurate time records. See *Skidmore v. Natl. Bronze & Metal of Ohio*, 2014-Ohio-4423; *Dorsey v. Aviva Metals, Inc.*, No. 1:20-CV-02014, 2022 WL 4536393 (N.D. Ohio Sept. 28, 2022).

22. Lazarus, Greathead, Perez, and Saraiva participated in creating and implementing the Misclassification Scheme.

23. The Misclassification Scheme was intentional.

24. The Misclassification Scheme was willful.

25. The Misclassification Scheme was reckless.

26. Defendants did not have a good faith belief that the Misclassification Scheme complied with the FLSA because they failed to investigate its compliance, even in light of their knowledge of their obligations under the FLSA, and because they deliberately implemented the scheme for the express purpose of not paying overtime wages

5

27. Plaintiffs and those similarly situated worked for Aviva as Foremen at various times during the three-year period covered by this action.

28. Plaintiffs and those similarly situated did not meet the criteria for the executive exemption because they regularly performed physical labor; oversaw only a limited numbers of employees during their shifts; and could not hire or fire employees.

29. Plaintiffs and those similarly situated also did not meet the criteria for the administrative exemption because their job duties did not require the exercise of independent judgment on matters of significance related to the management or general business operations of Aviva.

30. At all times referenced herein through approximately November of 2024, Plaintiffs and those similarly situated regularly worked in excess of 40 hours per week without receiving overtime pay at the legally required rate of one-and-one-half times their regular hourly rates.

31. Plaintiff and those similarly situated were paid a salary.

32. On or about September 30, 2022, Aviva instituted a Scheme in which Manufacturing Foremen, like Plaintiff and those similarly-situated, would be paid additional wages for hours worked over 44 in a given work week at the employee's respective regular rate. This Scheme change was documented in a memorandum authored by Saraiva and was distributed to employees who held the Foreman title. *See* Exhibit "D" (the "44 Hour Scheme")

33. Lazarus, Greathead, Perez, and Saraiva participated in creating, implementing, and announcing the 44 Hour Scheme.

34. The 44 Hour Scheme also instructed that Foremen should start recording their time by clocking in and out: "the above arrangement can only be achieved by having you clock in and out every day so the hours can be processed accurately in Paycom."

35. The "hourly rate" paid to Plaintiffs and those similarly situated was derived from taking each employee's respective annual salary and dividing it by 2,080 hours (40 hours per week, 52 weeks per year).

36. To the extent Plaintiffs and those similarly situated were (1) non-exempt; (2) paid nothing for the first four hours of overtime they worked, and (3) were paid a flat hourly rate for those hours they worked over, the 44 Hour Scheme violated the FLSA and the OMFWSA.

37. Upon information and belief, the 44 Hour Scheme was created in response to employee complaints about not being paid for hours in excess of 40 per week.

38. Defendants knew that they had misclassified Foremen, like Plaintiffs and those similarly situated, when they instituted the 44 Hour Scheme.

39. Despite its knowledge that its conduct violated the FLSA, Aviva instituted the 44 Hour Scheme as a means of placating complaining employees while still avoiding the overtime requirements of the Act.

40. Aviva intentionally instituted the 44 Hour Scheme.

41. Aviva willfully instituted the 44 Hour Scheme.

42. Aviva recklessly instituted the 44 Hour Scheme.

43. Aviva did not consult with an attorney or DOL regulations or opinions to determine whether the 44 Hour Scheme complied with FLSA before implementing it.

44. Aviva did not have a good faith belief that the 44 Hour Scheme complied with the FLSA because it failed to investigate its compliance, even in light of its knowledge of its obligations under the FLSA, and deliberately implemented the scheme for the express purpose of not paying overtime wages

45. In order to avoid scrutiny by Paycom regarding its failure to pay overtime, Avivia reported the hours it paid Foremen over 44 in a week on a separate report and paid it on a separate payroll check.

46. On March 31, 2023, Aviva issued another memorandum, signed by Greathead, notifying Foremen that they would be paid for all hours worked over 40 each week – *but at the flat, regular rate* (the "40 Hour Scheme"). *See* Exhibit "E."

47. Lazarus, Greathead, Perez, and Saraiva participated in creating, implementing, and announcing the 40 Hour Scheme.

48. The 40 Hour Scheme further stated that the "narrative" for the extra pay would be that it was a "bonus," when Defendants knew full well that it was not.

49. Defendants persisted in their refusal to pay overtime and labelled the 40 Hour Scheme pay as a "bonus" in order to defeat safeguards put into place by Paycom to prevent employers from failing to pay overtime when legally required to do so.

50. Defendants intentionally instituted the 40 Hour Scheme.

51. Defendants willfully instituted the 40 Hour Scheme.

52. Defendants recklessly instituted the 40 Hour Scheme.

53. Defendants did not consult with an attorney or DOL regulations or opinions to determine whether the 40 Hour Scheme complied with FLSA before implementing it.

54. Defendants did not have a good faith belief that the 44 Hour Scheme complied with the FLSA because it failed to investigate its compliance, even in light of its knowledge of its obligations under the FLSA, and deliberately implemented the scheme for the express purpose of not paying overtime wages

55. Under to the 40 Hour Scheme, the "hourly" rate Defendants paid Foremen for hours worked over 40 was calculated by dividing the salary paid to the employee by 2,080 hours.

56. In around September of 2024, Defendants received an internal report from Lazarus' advisor, Malka Bussmann, that Foremen such as Plaintiffs and those similarly situated were misclassified and entitled to overtime pay ("Bussman's Report").

57. In retaliation for Bussman's report and request to correct said violations, Lazarus terminated Bussman in October of 2024.

58. Subsequently, on or about November 5, 2024, Perez authored another Memorandum to Aviva's Foremen, stating that "Aviva…conducted a review of company payroll practices

and determined that your position will change from exempt to non-exempt status effective October 28, 2024….[a]fter working 40 hours in a workweek, you will receive overtime wages at time and a half, including shift differential." *See* Exhibit "F."

59. Despite finally properly classifying Foremen such as Plaintiff and those similarly situated properly as non-exempt and paying them overtime, to date, Defendants have failed to pay unpaid overtime wages to the current and former employees it misclassified, who worked for Aviva for any period of time during the three years immediately preceding this action.

60. Defendants' failure and refusal to pay Foremen the overtime wages they know these employees are owed is intentional.

61. Defendants' failure and refusal to pay Foremen the overtime wages they know these employees are owed is willful.

62. Defendants' failure and refusal to pay Foremen the overtime wages they know these employees are owed is reckless.

63. Because Defendants are aware that Foremen, such as Plaintiff and those similarly situated were misclassified, they could not have had any good faith belief that they were not obligated to pay unpaid overtime wages.

## COLLECTIVE ACTION ALLEGATIONS.

64. Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs.

65. The Misclassification Scheme, 44 Hour Scheme, and 40 Scheme were not limited to Plaintiffs, but instead were company policy that applied to all employees who held Foreman position(s) within the company.

66. Plaintiffs bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly-situated individuals who are part of the following class:

> All persons who are or were formerly employed by Aviva Metals, Inc. as a Foreman or in a similar role, who were not paid overtime at a rate of one and one-half times the regular rate for all hours worked over forty (40) each week of their respective employment, at any time during the three years immediately preceding this action.

67. Collective Action treatment of Plaintiff's claims is appropriate because Plaintiffs and the Collective Class Members have been subjected to the same company-wide, common business practices referenced in Paragraphs 18-63 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' company-wide practices failed to properly compensate the Collective Class Members for all overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME.

68. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1- 67, above.

69. The FLSA further requires that covered employers pay non-exempt employees overtime, at a rate of no less than one and one-half times the regular rate, for all hours worked over 40 in a given workweek.

70. Plaintiffs and those similarly situated were not exempt from the right to be paid overtime when they worked overtime hours.

71. At all times referenced herein, Defendants failed to pay Plaintiffs and those similarly situated overtime.

72. Defendants either recklessly failed to investigate whether its failure to pay Plaintiffs and those similarly situated the proper minimum wage rate and overtime violated the Federal Wage Laws of the United States; they intentionally misled Plaintiffs and those similarly situated to believe that Defendants were not legally required to pay overtime and or that Defendants were paying overtime as a "bonus'; and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and those similarly situated of the overtime wages they earned.

73. Defendants' failure and refusal to pay Plaintiffs and those similarly situated overtime was willful, intentional, and not in good faith.

74. Plaintiffs and those similarly situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. §§ 4111.03, *et seq* – FAILURE TO PAY OVERTIME.**

75. King re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 74, above.

76. Ohio R.C. § 4111.03(A) provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek…"

77. Defendants failed to pay Plaintiffs and those similarly situated overtime for all hours worked over 40 in a workweek, in violation of Ohio R.C. § 4111.03.

78. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and those similarly situated have suffered and will continue to suffer damages.

79. Having violated the OMFWSA, Defendants are liable to Plaintiff and the Collective Class Members pursuant to O.R.C. § 4111.10(A) for the full amount of their unpaid overtime; an additional two times the amount of the back wages owed; and for costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF.**

WHEREFORE, Plaintiffs William Konicek, Melvin Jackson, and Kevin Johnson requests judgment in their favor against Defendants Aviva Metals, Inc., Jairo Perez, Norman Lazarus, and Michael Greathead, containing the following relief:

(a) Designating this action as a collective action on behalf of Plaintiffs and the Collective they seek to represent pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wages Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) and Ohio R.C. §4111.14(K) to Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms

pursuant, and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms;

(b) Designating each named Plaintiff as a representative for the Collective Class Members;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Plaintiffs and the Collective Class Members unpaid overtime wages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs William Konicek, Melvin Jackson, and Kevin Johnson demand a trial by jury by the maximum number of jurors permitted.

>/s/Chris P. Wido
> Chris P. Wido (0090441)
> **SPITZ, THE EMPLOYEE'S ATTORNEY**